IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER JAMES,<br><br>    Plaintiff,<br><br>v.<br><br>ANOTHER BROKEN EGG OF AMERICA, LLC,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Amber James ("Plaintiff"), by and through undersigned counsel, and files her Complaint for Damages against Another Broken Egg of America, LLC ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for equal pay violations pursuant to The Equal Pay Act of 1963, as amended, 29 U.S.C. § 206 (d), along with a Title VII discrimination claim.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 29 U.S.C. § 216(b).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b) because a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant conducts business in this district and is subject to specific jurisdiction over the claims asserted herein.

6.

Defendant employed Plaintiff during the relevant time period.

7.

Defendant, at all times material, conducted business within this District.

8.

Defendant is governed by and subject to the EPA, 29 U.S.C. § 206(d).

9.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

10.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, Paul Macaluso at 5330 Briarstone Ridge Way, Alpharetta, GA 30022.

11.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and subsequently requested and received the Notice of Right to Sue with respect to her Charge. This action has been commenced within 90 days of receipt of the Notice of Right to Sue.

# FACTUAL ALLEGATIONS

12.

Plaintiff began her employment with Defendant, on or about December 17, 2020, and worked for Defendant until approximately March 1, 2022.

13.

Plaintiff was promoted to Regional Franchise Consultant (RFC), on or about February 8, 2021.

14.

Plaintiff's beginning salary was sixty thousand dollars ($60,000) a year in the RFC position.

15.

Plaintiff inquired about the pay scale for the RFC position, and Respondent replied a raise was impossible for budgeting reasons. Respondent agreed to revisit the topic after Plaintiff worked a few months in the role.

16.

On or about May 30, 2021, Plaintiff asked Tom Robertson, Director of Operations and Vice President of Another Broken Egg Café of America about the pay scale for the RFC position.

17.

Robertson emailed Plaintiff about the RFC Bonus Plan, on or about June 14, 2021.

18.

Plaintiff's salary increased from sixty thousand dollars ($60,000) to sixty-five thousand dollars ($65,000) a year, on or about July 26, 2021.

19.

Plaintiff worked with Chance Gaston, a male RFC, who worked for Respondent and was terminated on or about June 22, 2021. Gaston made eighty thousand dollars ($80,000) a year. Gaston worked with approximately 24 locations in his territory, and Plaintiff worked with approximately 19 locations in her territory.

20.

After Gaston's termination, Plaintiff's work increased because she inherited his territories, but she did not receive a raise or a bonus.

21.

Plaintiff also worked with John Veselinovski, a male RFC, who worked for Respondent from on or about September 25, 2021, until his resignation on or about

January 27, 2022. Veselinovski made seventy-five thousand dollars a year ($75,000).

22.

Plaintiff trained Veselinovski as a RFC. From 2021 until 2022, Veselinovski worked with approximately 15 locations within his territory, and Plaintiff worked with approximately 31 within her territory.

23.

After Veselinovski resigned, Plaintiff's work increased because she inherited his territories, but she did not receive a raise or a bonus.

24.

In addition to being an RFC, Plaintiff also began teaching training classes for new managers on or about January 18, 2022. These classes recurred monthly. Gaston and Veselinovski did not teach classes, but they were paid more.

25.

Defendant paid Plaintiff less than her male counterparts for similar or equal work.

26.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

27.

Others outside the Plaintiff's protected class were treated differently.

28.

Plaintiff is entitled to lost wages, liquidated damages, attorneys' fees and all other relief available.

## CLAIMS FOR RELIEF

## COUNT I: VIOLATION OF THE EQUAL PAY ACT

29.

Plaintiff re-alleges paragraphs 1-28 as if set forth fully herein.

30.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing substantially similar work.

31.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

32.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees, and costs of litigation as a result of the Defendant's violation.

## COUNT II

## TITLE VII GENDER DISCRIMINATION

33.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

34.

Plaintiff is a member of a protected class, i.e. she is a female.

35.

Title VII prohibits Defendant from discriminating against Plaintiff on the basis of gender.

36.

Defendant violated Plaintiff's rights under Title VII by paying her less than male counterparts, which materially affected the terms and conditions of Plaintiff's employment.

37.

Defendant intentionally discriminated against Plaintiff, on the basis of Plaintiff's gender, in violation of Title VII.

38.

Defendant treated Plaintiff differently than other employees outside of Plaintiff's protected gender class. Any alleged non-discriminatory reason given by

Defendant for treating Plaintiff differently than employees outside of Plaintiff's protected class is pretext for unlawful discrimination.

39.

As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

40.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith

41.

The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff federally protected rights entitling Plaintiff to punitive damages.

42.

Defendant is liable for the damages caused by its discrimination against Plaintiff.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted, this 23rd day of June 2021.

BARRETT & FARAHANY

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff Amber James*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
severin@justiceatwork.com